IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1998

FILED

June 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9709-CC-00373 |
| | ) | |
| Appellee, | ) | |
| | ) | HARDEMAN COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| ANTHONY P. GEANES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DELIVERY OF SCHEDULE II DRUG) |

FOR THE APPELLANT:  FOR THE APPELLEE:

JOHN C. MASK, JR.          JOHN KNOX WALKUP
P.O. Box 611               Attorney General & Reporter
Bolivar, TN 38008
                           CLINTON J. MORGAN
                           Assistant Attorney General
                           2nd Floor, Cordell Hull Building
                           425 Fifth Avenue North
                           Nashville, TN 37243-0493

                           ELIZABETH T. RICE
                           District Attorney General

                           JERRY W. NORWOOD
                           Assistant District Attorney General
                           302 Market Street
                           Somerville, TN 38068

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Anthony P. Geanes, appeals as of right from his conviction in the Circuit Court of Hardeman County. Following a jury trial, Defendant was convicted of delivery of a Schedule II controlled substance. He was sentenced to serve fifteen (15) years as a Range II Offender. In this appeal, Defendant challenges the sufficiency of the evidence and the length of his sentence. We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond any reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict

approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

Sylvester Island worked with the Drug Task Force in 1996 and was paid $100.00 each day he served as a confidential informant. He knew the Defendant as "Money G." On August 15, 1996, he saw the Defendant at Defendant's brother's home and told Defendant that he needed a "sixteenth." A "sixteenth" refers to a big rock of crack cocaine. They discussed meeting the next day at Defendant's brother's home. On August 16, 1996, Investigator Barrett Stevens put a video camera in Island's car and provided him with $100.00 to purchase the cocaine. Jarhonda Parker, the Defendant's girlfriend, accompanied him to purchase the cocaine from the Defendant.

Island and Parker drove to Defendant's brother's home and Defendant approached their car. Island asked him, "You got that sixteenth for me?" Defendant stated that he had it, reached in his pocket and gave Island an object wrapped in paper while Island gave Defendant $100.00. Island drove to meet Stevens and gave the object wrapped in paper to him. No one else handled the object.

Investigator Barrett Stevens with the Bolivar Police Department worked with Sylvester Island several times per week. On August 16, 1996, before Island left to meet with the Defendant, Stevens searched him and his car and then put a video camera in his car to videotape the transaction. After Island completed the transaction, he met Stevens at the National Guard Armory. Island gave Stevens a white piece of paper, and when Stevens unfolded it, there appeared to be a large

rock of crack cocaine. Stevens put the substance in a sealed envelope and then delivered it to the crime lab.

Kay Sheriff is a forensic scientist for the Tennessee Bureau of Investigation and works in the crime lab. She received and tested this object and determined that the substance was six-tenths (0.6) of a gram of a Schedule II cocaine base substance.

Jarhonda Parker testified that she accompanied Island to meet with Defendant. Parker knew the Defendant and recognized him when he handed the object to Island. A videotape of the transaction was shown to the jury.

The Defendant testified that Island approached him on August 16, 1996 at his brother's home. Defendant gave him some "speed" pills for which Island paid Defendant $50.00. Defendant stated that these pills were not cocaine and that he has never sold cocaine.

Defendant contends that the evidence is insufficient as there was reasonable doubt regarding the drug transaction and whether the Defendant actually handed the cocaine to Island. It is an offense to knowingly deliver a controlled substance. Tenn. Code Ann. § 39-17-417(a)(2). In the light most favorable to the State, a rational trier of fact could have determined that Defendant delivered the controlled Schedule II substance of cocaine to Island. This delivery was testified to by Island and Parker, in addition to a videotape of the drug transaction. Any questions concerning the credibility of witnesses and the factual issues have previously been determined by the trier of fact, and we will not reevaluate the evidence. This issue is without merit.

Defendant also challenges the length of his sentence, arguing that the trial court failed to apply appropriate mitigating factors. When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Defendant failed to include the transcript from the sentencing hearing for our review, and it is his duty to prepare an adequate record in order to allow for a meaningful review on appeal. Tenn. R. App. P. § 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In absence of that record which is essential for our review, we must presume that the trial court's ruling is correct and we are precluded from considering the issue. State v. Richardson, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
JOHN H. PEAY, Judge


_____
PAUL G. SUMMERS, Judge